Term setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. The death of the plaintiff's intestate resulted from a collision between an automobile in which he was riding, and one of the defendant's trains, at a private crossing. This is the second action brought by the plaintiff against the defendant. The first action resulted in a nonsuit by the Trial Term, which nonsuit was reversed by the Appellate Division. The defendant then took an appeal to the Court of Appeals, and the Court of Appeals reversed the Appellate Division and sustained the trial court, holding that the plaintiff's intestate was guilty of contributory negligence as a matter of law, and dismissed the complaint. (*La Goy* v. *Director-General*, 231 N. Y. 191.)

*John E. Judge* for appellant.

*John M. Cantwell* and *E. W. Lawrence* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

ANNA BARRY, as Administratrix of the Estate of WILLIAM J. BARRY, Deceased, Appellant, *v.* THE RUTLAND RAILROAD COMPANY, Respondent.

*Negligence — railroads — wagon struck by train at railroad crossing — contributory negligence.*

Barry v. Rutland Railroad Co., 203 App. Div. 287, affirmed.

(Argued April 26, 1923; decided May 11, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 24, 1922, affirming a judgment in favor of defendant entered upon an order of the Trial Term setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. On the morning of July 8, 1921, at about eight-forty-five

A. M., intestate was proceeding westerly along a highway which ran parallel with the Rutland railroad, and about sixty-six feet southerly therefrom, for a distance of upwards of a quarter of a mile. He was riding on the seat of an open milk wagon drawn by a horse which he was driving. Forty-four and one-half feet southerly from the crossing upon which the accident occurred, the road upon which he was traveling runs into another road running from the south to the north and over the crossing. At this corner he turned to the right and proceeded toward the crossing, where the wagon was struck by one of defendant's trains and intestate was killed. The complaint was dismissed on the ground that plaintiff was guilty of contributory negligence as matter of law.

*John E. Judge* for appellant.

*John M. Cantwell* and *E. W. Lawrence* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

FRANK McWILLIAMS, INC., Appellant, *v.* ÆTNA INSURANCE COMPANY, Respondent.

*Insurance — marine — when policy insuring against perils of the seas and other waters does not cover damage to dry dock from sinking caused by failure of electric current used to operate its pumps.*

*McWilliams* v. *Ætna Ins. Co.*, 202 App. Div. 845, affirmed.

(Argued April 27, 1923; decided May 11, 1923.)

APPEAL from a judgment, entered January 17, 1923, upon an order of the Appellate Division of the Supreme Court in the second judicial department reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, a jury having been waived, and directing a dismissal of the complaint. The action was to recover upon a policy of marine insurance covering plaintiff's dry dock and which insured it against " perils of the harbors, bays, sounds, seas, rivers and other waters," excepting claims arising from " derangement or breakage of machinery, unless caused by stress of